United States District Court
Southern District of Texas
**ENTERED**
December 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMC PASADENA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-599 |
| | § | |
| GOODGAMES INDUSTRIAL | § | |
| SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court are the Motion to Reconsider Summary Judgment as to Indemnity filed by Defendant Goodgames Industrial Solutions, LLC ("GIS") (Doc. No. 74) and the Motion for Reconsideration filed by Plaintiff MEMC Pasadena, Inc. (Doc. No. 81). Having considered the motions, responses, replies, and applicable law, the Court finds that GIS's motion should be granted and MEMC's motion should be denied.

### I.   STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that an "order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court may reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

When ruling on a motion for summary judgment, "[t]he mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II. ANALYSIS

### A. Indemnity

GIS argues that the Court should have granted its motion for summary judgment on MEMC's breach-of-contract claim based on indemnity. GIS contends that, under Texas law, parties must expressly state their intent that a contractual indemnity provision encompasses strict liability claims for any recovery on those claims. *See Houston Lighting & Power Co. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 890 S.W.2d 455, 456 (Tex. 1994); *Fina, Inc. v. ARCO*, 200 F.3d 266, 273 (5th Cir. 2000). MEMC responds that *Houston Lighting* and *Fina* are distinguishable. MEMC says that *Houston Lighting* should be limited to the particular statutory scheme imposing strict liability under consideration in that case, and that *Fina* concerned an indemnity provision that predated the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA").

The Court agrees with GIS. Neither the holding nor the reasoning of the Supreme Court of Texas in *Houston Lighting* supports MEMC's crabbed reading. The Court did not limit itself to the particular statutory scheme but broadly announced, "[W]e hold that parties to an indemnity agreement must expressly state their intent to cover strict liability claims in specific terms." *Houston Lighting*, 890 S.W.2d at 458. Moreover, the Court explained that it was extending the express intent rule that it already applied in negligence cases and strict products liability cases to strict statutory liability cases. *Id.* at 457–58. ("There are compelling reasons to treat cases involving strict statutory liability in the same manner as cases involving negligence or strict

products liability."). The Fifth Circuit has likewise read *Houston Lighting* as broadly holding "that an indemnification provision is not enforceable as applied to claims based on strict liability unless that provision expressly states the indemnitor's intent to cover such claims." *Fina*, 200 F.3d at 273. In its section applying this law to CERCLA claims, the *Fina* opinion does not mention the fact emphasized by MEMC of the indemnity provision predating CERCLA.

It is undisputed that the indemnity provision between MEMC and GIS does not expressly state that it covers strict liability claims. Therefore, it is unenforceable under Texas law as to strict liability claims. Accordingly, the Court finds that GIS's motion for summary judgment on this claim should be granted.

### B. Negligence

Turning to the second motion, MEMC contends that the Court should not have granted GIS's motion for summary judgment as to its common law negligence claim. According to MEMC, new deposition testimony from GIS's experts, Mark Johns and Duane Utecht, demonstrates that GIS had a legal duty to inform MEMC that the U.S. Oil Recovery Site could not pass an audit in April 2007. GIS responds that the existence of a legal duty is a question of law on which expert opinion has no bearing. GIS further argues that, even if it had a legal duty as described by MEMC, the record contains no evidence that GIS breached that duty.

Whether a party owes a legal duty to exercise reasonable care toward another is a legal question. *Hayes v. United States*, 899 F.2d 438, 443 (5th Cir. 1990). However, as MEMC points out, "[e]xpert testimony is necessary to establish the applicable standard of care 'when the alleged negligence is of such a nature as not to be within the experience of the layman.'" *3D/I + Perspectiva v. Castner Palms, Ltd.*, 310 S.W.3d 27, 29 (Tex. App.—El Paso 2010, no pet.) (quoting *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004); *Roark v. Allen*,

633 S.W.2d 804, 809 (Tex. 1982)). The Court will assume, without deciding, that MEMC is correct that a waste broker's standard of care requires expert testimony.

MEMC offers the testimony of Mr. Johns and Mr. Utecht to show that a reasonably prudent waste broker would tell a waste generator that a disposal site cannot pass an audit. The testimony of Mr. Johns does not support MEMC's position. Mr. Johns testified that a waste broker, using ordinary care, "might have" told the waste generator about a site being unsuitable for disposal. (Doc. No. 81, Ex. B at 3.) But in response to the follow-up question of whether the broker "[s]hould . . . have told" the generator about the site being unsuitable, Mr. Johns replied, "I don't know." (*Id.*)

Mr. Utecht's testimony provides a mere scintilla of evidence. He first says that "the expectation is not generally there by the waste generators that the brokers will pass all this information on to them" about a waste disposal site being unusable. (*Id.*, Ex. A at 2.) Then, when asked whether a reasonable, prudent broker would "notify the customer that the site won't pass audit and is deficient," Mr. Utecht responded, "Yes." (*Id.*) This single, conclusory statement is insufficient evidence from which a reasonable jury could find in MEMC's favor. *See Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 363 (6th Cir. 2011) ("Although juries are generally free to believe expert witnesses, a plaintiff cannot survive summary judgment with an expert's bare opinion on the ultimate issue." (citation omitted)).

In addition, if expert testimony on the standard of care is required, as MEMC argues and the Court assumes for purposes of this motion, then expert testimony is also necessary to establish breach of that standard of care. *See, e.g.*, *3D/I + Perspectiva*, 310 S.W.3d at 29 ("[T]he expert testimony must establish both the standard of care and the violation of that standard."). MEMC has failed to provide any expert testimony on breach, despite reciting this standard in its

reply. (Doc. No. 87 at 4.)

### III.     CONCLUSION

For the foregoing reasons, GIS's motion to reconsider is **GRANTED** and MEMC's motion for reconsideration is **DENIED**. The Court's October 27, 2015, memorandum and order is hereby modified so that MEMC's breach-of-contract claim based on the indemnity provision is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 18th day of December, 2015.

*/s/ Keith P. Ellison*

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE